NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE BANUELOS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware Limited Liability Company; OLD REPUBLIC DIVERSIFIED SERVICES, INC., a Minnesota corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 5:13-cv-05308 HRL<br><br>**ORDER GRANTING DEFENDANT OLD REPUBLIC DEFAULT MANAGEMENT SERVICES' MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: Dkt. No. 18] |

The instant action arises out of the alleged wrongful foreclosure of real property at 740 Verdun Avenue in Hollister, California. Plaintiff Guadalupe Banuelos sues Nationstar Mortgage, the alleged loan servicer, and Old Republic Default Management Services (Old Republic),[1] the alleged foreclosure trustee, for violation of California Civil Code § 2923.6 and California Business & Professions Code § 17200. Banuelos filed her complaint in state court, and the case subsequently was removed here on diversity jurisdiction, 28 U.S.C. § 1332.

Pursuant to Fed. R. Civ. P. 12(b)(6), Old Republic now moves to dismiss the complaint. Plaintiff opposes the motion. All parties have expressly consented that all proceedings in this

---

[1] Old Republic says that it erroneously was sued as Old Republic Diversified Services, Inc.

matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Old Republic's motion is deemed suitable for determination without oral argument, and the April 1, 2014 hearing is vacated.[2] Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court grants the motion with leave to amend.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

---

[2] Old Republic's administrative motion for telephonic appearance (Dkt. No. 25) is denied as moot.

2

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

### A. Claim 1: California Civil Code § 2923.6

The California Homeowner Bill of Rights went into effect on January 1, 2013, and California Civil Code § 2923.6 was amended accordingly. Plaintiff claims that she is entitled to relief under Section 2923.6(c), which essentially provides that "[i]f a borrower submits a complete application for a first lien loan modification . . . a mortgage servicer . . . [or] trustee . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). [3] According to the complaint, the subject property was sold at foreclosure, even though Nationstar Mortgage failed to

---

[3] California Civil Code § 2923.6(c) states:

If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

(1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

(2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

(3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

3

give Banuelos a written determination that she is not eligible for a loan modification as required by section 2923.6(c)(1) and, consequently, Banuelos had no opportunity to appeal any such decision under section 2923.6(d).[4]

Old Republic says that, as trustee, it plays only a limited role in the foreclosure process and therefore cannot be held liable under § 2923.6. The cases it cites, however, predate the effective date of the § 2923.6 subsections at issue; and, subsection 2923.6(c), on its face, includes trustees. Moreover, under California Civil Code § 2924.12:

> After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, *trustee*, beneficiary, or authorized agent ***shall be liable to a borrower for actual economic damages*** pursuant to Section 3281, ***resulting from a material violation of Section*** 2923.55, ***2923.6***, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

Cal. Civ. Code § 2924.12(b) (emphasis added).

Nevertheless Old Republic correctly points out section 2923.6 "appl[ies] only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units." Cal. Civ. Code § 2924.15. "For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." Id. The complaint contains no allegations that the property was "owner-occupied" within the meaning of the statute, and plaintiff said nothing about this issue in her opposition. Accordingly, Old Republic's motion to dismiss

---

[4] California Civil Code § 2923.6(d) provides: "If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error."

4

1    this claim is granted with leave to amend.

2    **B. Claim 2:  Cal. Bus. & Prof. Code § 17200**

3    Although "[v]iolation of almost any federal, state, or local law may serve as the basis for a
4    UCL claim," Plascencia v. Lending 1st Mortgage, 259 F.R.D. 437, 448 (N.D. Cal. 2009),
5    plaintiff's § 17200 necessarily rises or falls with her first claim for relief.  Because Old Republic's
6    motion to dismiss is granted with leave to amend as to the Cal. Civil Code § 2923.6 claim,
7    plaintiff's § 17200 claim is also dismissed with leave to amend.

## ORDER

Based on the foregoing, Old Republic's motion to dismiss is granted, and plaintiff is given leave to amend.  If plaintiff chooses to amend her complaint, her amended pleading shall be filed within 14 days from the date of this order.  Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above.  To the extent plaintiff intends to assert new or different claims for relief or add new parties, she must make an appropriate application pursuant to Fed. R. Civ. P. 15.  Failure to comply with this order may result in sanctions.

SO ORDERED.

Dated:   March 25, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

5:13-cv-05308-HRL Notice has been electronically mailed to:

Batkhand Zoljargal     bzoljargal@albertsfirm.com

Daska P Babcock     dpb@severson.com, jc@severson.com, tjj@severson.com

David Ming Liu     dml@severson.com, rjb@severson.com

Jeremy Jon Alberts     jalberts@albertsfirm.com, jesse@mytrustedattorney.com

Mary Kate Sullivan     mks@severson.com, vhn@severson.com

6